Curia, per Earle, J.
The right of the plaintiffs to recover in this action, cannot be affected by the circumstances which occurred, in relation to the rule upon the sheriff, formerly obtained at their instance, and which was dismissed on the hearing, by Mr. Justice Richardson. Had the question on the rule been made in this court, it may be doubted whether the same result would not have ensued, on the ground that important questions of property or right will not be determined in such summary way; but, the parties will be left to their remedy by action. In the present state of the case, the judgment on the rule does not preclude the plaintiffs. — The other and important question, whether on the case made by tjie verdict, the postea .should not be delivered to the defendant, upon the ground that the right of property remained in the plaintiff in trover, until satisfaction; and therefore, that the plaintiffs in this action cannot recover the proceeds of the sale, has been very much debated, and has been forcibly and well argued here. If it were a new question, and this court considered itself at liberty to adopt a rule on the subject, in accordance with its own view of principle and precedent, it is not unlikely that the result might be more favorable to the defendant’s motion. Yet, the court intends to express no opinion, that shall shake the authority of the cases * decided c < this point, of which Norrell v. Corley is the leading one. That case was decided by *63 the late court of appeals, December term, 1828 ; and the opinion of the court was delivered by the late Mr. Justice Nott. The learned judge reviews the authorities, controverting the opinion of Chancellor Kent, that the other is the more reasonable doctrine, and comes to the conclusion that, both on principle and authority, the verdict in trov.er changes the property, and transfers the right to the defendant, and makes it liable to be taken in - execution, for his debts. That was a case in chancery, where a bill was filed by the plaintiff in trover, who had recovered at law, to make the property, which was the subject of the action, liable to the plaintiff’s recovery, in preference to other, creditors. The f court said, “ by bringing an action of trover, the plaintiff trusts to the personal credit of the defendant, in the same manner as by 1 taking a note or bond in payment of property sold: the property ji is changed, even though the money should never be recovered.”»' It has been urged in this court, that the act of 1827 is declaratory; and as the trial here was afterwards, in 1831, the- provisions of that act ought to be held to apply. But the court thinks otherwise. Indeed, in Norrell v. Corley, the title of the act is referred to, and recited — “ an act to alter the law in relation to the action of trover,” — as conclusive that the legislature supposed the law to be otherwise before. And this court is of opinion now, that the inference drawn by Mr. Justice Nott is reasonable, and conclusive against the motion. Besides, the whole tenor of the first and important section demonstrates that the purpose was to provide a.remedy in actions afterwards to be commenced. The defendant therefore cannot avail himself of the benefit of the provisions. As the act affords a remedy for what was certainly a *64 great evil, in all future cases, the court feels less reluctance in adhering to the decision in Norrell v. Corley.
Hill, for the appellant.
The judgment of the circuit court is affirmed.
Gantt, Richardson, O’Neall, Evans, and Butler, Justices, concurred.